## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nirjala Rajkarnikar, | |
| Plaintiff, | Civil No. 3:21-cv-01356 (AWT) |
| v. | |
| Stanley Black & Decker, | October 30aga, 2021 |
| Defendant. | |

### ORDER REGARDING MOTION FOR
### LEAVE TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2]

## I.   INTRODUCTION

Plaintiff Nirjala Rajkarnikar brings this action *pro se* against her former employer Stanley Black & Decker alleging employment discrimination, adverse employment actions, wrongful discharge and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.,* on the basis of race, sex and national origin.  (ECF No. 1.)  On the same day she filed her original complaint, she also filed a motion for leave to proceed *in forma pauperis* ("IFP") – that is, without prepaying the filing fee.  (ECF No. 2.)  The Clerk of the Court randomly assigned this case to Senior United District Judge Alvin W. Thompson.

When a plaintiff requests leave to proceed IFP, a statute directs the Court to conduct two inquiries.  First, the Court examines the plaintiff's financial affidavit and determines whether she is truly unable to pay the fee.  28 U.S.C. § 1915(a).  Second, to ensure that the plaintiff is not abusing the privilege of filing without prepaying the fee, the Court reviews her complaint and dismisses the case if it determines that "the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).

Judge Thompson referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these two inquiries.  (ECF No. 10.)  As discussed below, after conducting the first inquiry, I find that Ms. Rajkarnikar's financial affidavit (a) reveals inconsistencies and omissions that require clarification; and (b) failed to show that funds in her children's savings account are not available to pay the filing fee.  Accordingly, **Ms. Rajkarnikar is ordered to file an amended Motion for Leave to Proceed IFP within twenty-one days of this Order, or in the alternative, to pay the filing fee.**

## II.   BACKGROUND

Ms. Rajkarnikar is suing her former employer, Stanley Black & Decker.  (Amend. Compl., ECF No. 1.)  She alleges employment discrimination on the basis of her race, sex and national origin pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.  (*Id.* ¶¶ 3, 5.)  She claims she was subjected to unlawful discrimination, adverse employment actions, and retaliation that culminated in the termination of her employment on March 13, 2018.  (*Id.* ¶¶4, 5, 6, 13.)  She alleges workplace retaliation for filing a whistleblower action against her former employer regarding workplace safety.  (*Id.* ¶¶5, 6, 13.)  She seeks monetary damages and injunctive relief.  (*Id.* ¶13.)

## III.   IFP STATUS

When a plaintiff files a complaint in federal court, typically she must pay filing and administrative fees totaling $400.  *See* 28 U.S.C. § 1914.  District courts may nevertheless authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees."  28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson,* 575 U.S. 532, 135 S. Ct. 1759, 1760 (2015) (plaintiffs who qualify for IFP status "may commence a civil action without prepaying fees or paying certain expenses").  When a plaintiff seeks leave to proceed IFP, the court must determine whether she

has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

To help determine the plaintiff's ability to pay, the District of Connecticut's standard-form IFP application asks the applicant to provide a signed financial affidavit disclosing income, assets and obligations under penalty of perjury. The affidavit serves an important purpose. "The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane,* No. 03-C-5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) (citing *Denton v. Hernandez,* 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)); *see also Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 338, 69 S. Ct. 85, 89, 93 L. Ed. 43 (1948) ("One who makes this affidavit exposes himself to the pains of perjury in a case of bad faith . . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits.") (citation and internal quotation marks omitted). Thus, under § 1915(e)(2)(A), "the court *shall* dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). "Without the submission of a completed financial affidavit, an IFP application is incomplete, and this defect alone warrants its denial." *Woolsey on behalf of R.M.R. v. Mitzel*, Civil Action No. 1:17CV0074 (TJM/DEP), 2017 WL 2241527, at *2 (N.D.N.Y. Feb. 27, 2017), *report and recommendation adopted*, No. 117CV0074(TJM/DEP), 2017 WL 2242953 (N.D.N.Y. May 22, 2017). The requirement that a plaintiff demonstrate financial need through submission of a completed financial affidavit is an essential part of the statute. *Id.*

Following these principles, courts typically deny motions for leave to proceed IFP when the plaintiff's affidavit lacks enough information to confirm her inability to pay. In *Bank of New*

*York v. Consiglio,* for example, the court denied the plaintiff's motion because his affidavit did not include enough information about the disability benefits he was receiving. No. 3:17-cv-01408 (CSH) (SALM), 2017 WL 9480197, at *2 (D. Conn. Oct. 2, 2017), *report and recommendation adopted*, No. 3:17-CV-01408 (CSH), 2017 WL 4948069 (D. Conn. Nov. 1, 2017). And in *Morrison v. Jefferson County Public Defender's Office*, the court denied the plaintiff's motion because he "failed to provide complete information." No. 7:09-cv-1412, 2010 WL 455467, at *3 (N.D.N.Y. Feb. 3, 2010) (accepting report and recommendation).

In this case, the Court does not yet have enough information to confirm Ms. Rajkarnikar's inability to pay. There are two reasons for this. First, her financial affidavit contains inconsistencies and omissions in reported income, assets and obligations. Some of the inconsistencies are within the affidavit itself, and others are inconsistencies between the affidavit she filed in this case, *Rajkarnikar v. Stanley Black & Decker*, No. 3:21-cv-01356-AWT, and the affidavit she filed in her other case, *Rajkarnikar v. MGM Springfield*, No. 3:21-cv-01254-AWT. Second, in her other case she reported over $40,000 in a children's account, but she did not explain whether those funds are available to pay the fee. (No. 3:21-cv-01254-AWT ECF No. 2.) As will be explained below, courts often consider family funds in determining a plaintiff's ability to pay, if the plaintiff has control over those funds and is not barred from accessing them. Ms. Rajkarnikar needs to clear up these two points before the Court can authorize her to proceed IFP.

### 1. *Inconsistencies and Omissions*

The first basis for concluding that Ms. Rajkarnikar has not yet demonstrated an inability to pay is because her financial affidavit contains inconsistencies and omissions in reported income, assets and obligations. She filed her motion and affidavit in *Rajkarnikar v. MGM Springfield*, No. 3:21-cv-01254-AWT (the "first case") on September 21, 2021. At that time, her reported income

included approximately $300 per week in wages, SNAP benefits in an undisclosed amount and no

other sources of income.  (3:21-cv-01254-AWT ECF No. 2 at 3.)  On October 13, 2021, she filed

a second lawsuit *Rajkarnikar v. Stanley Black &Decker*, Case 3:21-cv-01356-AWT (the"second

case") along with a motion for leave to proceed IFP and supporting affidavit.  (3:21-cv-01356-

AWT ECF No. 2.)  In her IFP motion in the second case, she reported significant changes in her

financial circumstances.  For example, she reported that she became unemployed on September

28, 2021, was no longer receiving SNAP benefits and was receiving $200 per week in child support

payments.  (*Id.* at 3.)

      Obviously, some of the differences between her first and second affidavits are easily

explained by the fact that she lost her job in the intervening three weeks.  But the explanation for

other inconsistencies is not so clear.  In the affidavit in the first case, Ms. Rajkarnikar reported

"cash on hand" consisting of $3,034.10 in a savings account, approximately $500 in a checking

account, approximately $40,666 in her children's savings account(s), and no investments.  (3:21-

cv-01254-AWT ECF No. 2 at 4.)  She listed four monthly obligations totaling $1,893.19.  (*Id.*).

In her affidavit in the second case, she reported "cash on hand" consisting of: "children's funds"

with an undisclosed balance, less than $900 in a checking account and investments totaling

approximately $3,000.  (3:21-cv-01356-AWT ECF No. 2 at 4.)  She listed seven monthly

obligations totaling $2,176.  (*Id.*)  She offers no explanation why the child support payments were

left off the first application or why the balance of her children's bank account(s) were left off her

second financial affidavit.  She has also offered no explanation why she was evidently able to

acquire "about 3 thousand" dollars' worth of investments in the few weeks between her IFP

motions in the first and second cases.  These omissions result in an incomplete application, and

require further clarification before the Court can determine whether her "allegation of poverty is

untrue." 28 U.S.C. §1915(e)(2)(A); *see also Bank of N.Y.*, 2017 WL 9480197, at *2 (D. Conn. Oct. 2, 2017) ("These deficiencies result in an incomplete application from which the Court cannot make an accurate determination of the defendant's financial status.") (citing cases).

Here the inconsistencies and omissions identified in the financial affidavits and reported changes in financial circumstances require clarification before the Court will consider ruling on the motions to proceed *in forma pauperis*. "In some instances, the information disclosed by a plaintiff prompts further inquiry from the reviewing court." *Chriswell v. Big Score Ent., LLC*, No. 11 C 00861, 2013 WL 3669074, at *3 (N.D. Ill. July 12, 2013). And as explained above, the inconsistencies and omissions in the two financial affidavits prevent the Court from properly assessing Ms. Rajkarnikar's allegation of poverty under 28 U.S.C. §1915(e)(2)(A). Accordingly, Ms. Rajkarnikar is ordered to file an Amended Motion for Leave to File IFP and provide updated information in an amended financial affidavit in the following three categories::

(1) **Income** including: (a) updating her current employment status; (b) updating her receipt (or termination) of SNAP benefits (including the amount); (c) updating income from child support (including the amount);

(2) **Assets** including: (a) identifying all checking account(s) (including an updated balance); (b) identifying all savings account(s) (including an updated balance); (c) identifying all children's savings account(s) (including an updated balance)[1]; (d) identify all stocks, bonds, mutual funds or other investments (including an updated balance). She does not need to provide account numbers for any of her accounts. *Cf.* Fed. R. Civ. P. 5.2(a);

---

[1] As set forth in more detail in Section 2, Ms. Rajkarnikar will identify the name of the account holder for the "children's savings" to assist the Court in evaluating her ability to pay the filing fee.

**(3)** **Obligations**.  As noted above, the list of obligations included on the financial affidavit in this case on September 21, 2021 and in *Rajkarnikar v. Stanley Black & Decker* filed on October 13, 2021 are not consistent and reportedly changed.  Ms. Rajkarnikar will file an updated list of obligations.

2.  *Children's' Savings Account(s)*

A second basis for concluding that Ms. Rajkarnikar has not yet demonstrated an inability to pay is her disclosure in the first case of a savings account for her children in the amount of $40,666.  (No. 3:21-cv-01254-AWT, ECF No. 2 at 4.)  The children's account contains a significant sum of money and it is unclear from the financial affidavit whether Ms. Rajkarnikar has control of the account, prompting this Court to request further information.

Courts often consider an IFP applicant's family resources in determining ability to pay. *See, e.g., Fridman v. City of New York,* 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citation omitted); *Helland v. St. Mary's Duluth Clinic Health System*, No. 10-31, 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010) ("[C]ourts "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members.") (citing *Monti v. McKeon,* 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir.1985) (table decision)); s*ee Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (funds "derived from family sources" are relevant to IFP determination); *Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (same).

Family members' funds are not typically considered, however, when the IFP applicant has no access to them. For example, in *Walker v. Commissioner of Social Security,* the plaintiff disclosed in her financial affidavit that she was merely the custodian – not the holder – of her son's bank account, and accordingly the court did not consider the funds in the son's account in assessing the plaintiff's ability to pay. No. 6:12-CV-1025-ORL-36, 2012 WL 4513760, at *2 (M.D. Fla. Oct. 1, 2012) (observing that, as a mere custodian, the plaintiff could "not use the assets in the custodial account for her benefit").

In this case, the Plaintiff's disclosure regarding the children's savings in the two affidavits requires further information to determine who is the holder of the "children's savings" account and whether these funds are available for her benefit. This is crucial information, and without it, the Court cannot evaluate her ability to pay.

Because her financial affidavit does not presently demonstrate an inability to pay, the Court requires further information before ruling on IFP status. Accordingly, the Court directs that Ms. Rajkarnikar's Amended Motion for Leave to Proceed IFP include the name of the account holder for the "children's savings;" information showing who has control of the funds, and an updated account balance.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Court orders Ms. Rajkarnikar to file an Amended Motion for Leave to Proceed IFP, curing the inconsistencies and omissions identified above and providing further information on the "children's savings" account. The undersigned will review her amended motion and, if it supports granting her IFP status, the Court will then proceed to the second step of the 28 U.S.C. § 1915 analysis – that is, an analysis of whether "the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."

As an alternative to complying with this order, Ms. Rajkarnikar may of course pay the filing fee in this case and in her other case.  She is respectfully advised, however, that **if she neither complies with this order nor pays the filing fee within twenty-one days, the undersigned will recommend to Judge Thompson that the case be dismissed**.  *See, e.g., Richardson v. Napoli*, No. 9:09-CV-1440 (TJM) (DEP), 2010 WL 1235383 (N.D.N.Y. Mar. 30, 2010) (dismissing case because plaintiff had neither demonstrated an entitlement to IFP status nor paid the filing fee).  The Clerk of the Court is respectfully directed to mail a copy of this Order to Ms. Rajkarnikar at her address of record, and to note on the docket that he or she has done so.

*/s/ Thomas O. Farrish*

Hon. Thomas O. Farrish
United States Magistrate Judge