```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

-------------------------------- x
NIRJALA RAJKARNIKAR,             :
                                 :
           Plaintiff,            :
                                 :
v.                               :   Civil No. 3:21-cv-1356(AWT)
                                 :
STANLEY BLACK & DECKER,          :
                                 :
           Defendant.            :
-------------------------------- x
```

## ORDER RE MOTION TO DISMISS

For the reasons set forth below, the defendant's Motion to Dismiss (ECF No. 37) is hereby GRANTED, and this case is dismissed without prejudice.

The pro se plaintiff, Nirjala Rajkarnikar, appears to assert two claims. First, she claims that the defendant, Stanley Black & Decker, harassed her, discriminated and retaliated against her, and unlawfully terminated her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Second, she claims "Good Faith & Fair Dealing; Fraud. Violation of the Constitution of CT (1818) Section, The property of no person shall be taken for public use, without just compensation therefor. Deception by employer for personal, professional, financial advancement at my

- 1 -

personal, professional & financial expenses."[1] Am. Compl. (ECF No. 9) at 2.

The defendant moves to dismiss both claims. With respect to the Title VII claim, the defendant argues that the court lacks subject matter jurisdiction because the "[p]laintiff has failed to allege that she sought and exhausted an administrative remedy in relation to the present action." Mem. L. Supp. Mot. Dismiss (ECF No. 37-1) at 5. The court agrees with the defendant that the court lacks subject matter jurisdiction over the plaintiff's Title VII claim.

"Before an aggrieved party can assert a Title VII claim in federal court, he is generally required to exhaust the administrative remedies provided by the statute. That is, a Title VII plaintiff generally must file a charge of discrimination with the EEOC 'within three hundred days after the alleged unlawful employment practice occurred,' and must then file an action in federal court within 90 days of receiving a right-to-sue letter from the agency." Duplan v. City of New York, 888 F.3d 612, 621–22 (2d Cir. 2018) (quoting 42 U.S.C. § 2000e-5(e)(1)) (first citing Fowlkes v. Ironworkers Local 40,

---

[1] Article I, Section 11 of the Connecticut Constitution, provides that "[t]he property of no person shall be taken for public use, without just compensation therefor." Conn. Const. art. I, § 11.

790 F.3d 378, 384 (2d Cir. 2015); then citing 42 U.S.C. § 2000e-5(f)(1)).

The defendant correctly points out that "[w]hile [the] [p]laintiff alleges she filed several administrative claims in her prior action against Stanley, [the] [p]laintiff has failed to allege that she sought and exhausted an administrative remedy in relation to the present action." Mem. L. Supp. Dismiss, at 5. On February 19, 2019, the parties executed a settlement agreement that released the defendant from liability for, among other things, "claims . . . relating to purported employment discrimination or civil rights violations . . . which [she] . . . might have or assert against Stanley Black & Decker (a) by reason of any event which occurred on or before the time of execution of this Agreement, in connection [with] your employment by Stanley Black & Decker, or the termination of such employment, and all circumstances related thereto, or (b) by reason of any matter, cause or thing whatsoever which may have occurred on or before the [ ] time of execution of this Agreement."  Agreement and General Release (ECF No. 7-1) at § 5.

There is no indication that the plaintiff worked for the defendant at any point after executing the settlement agreement. In her opposition memorandum, the plaintiff confirms that she "worked for Stanley Black & Decker from approximately January

17, 2017 to 3/13/2018." Brief: Response (ECF No. 39) at 1. Although she states at one point that her date of termination was "both 3/13/2018 as well as 4/19/2021," the plaintiff goes on to clarify that "[the] latter being my employment termination from my second employer, MGM." Id.

In the Amended Complaint, the plaintiff claims that she filed charges with the EEOC pertinent to the present action, but later withdrew them. She also states that she received a right-to-sue letter in July of 2021, but she did not attach such a letter to the complaint, nor did she attach any other document that suggests that she ever obtained a right-to-sue letter from the EEOC with respect to this action.[2]

Thus, the court concludes that the plaintiff has failed to exhaust administrative remedies with respect to her Title VII claim, and the court lacks subject matter jurisdiction.

With respect to the plaintiff's second claim, to the extent the plaintiff seeks to bring a claim under the Connecticut Fair Employment Practices Act, the court agrees with the defendant that the court lacks subject matter jurisdiction because the plaintiff failed to exhaust administrative remedies. "Ordinarily, a plaintiff seeking to bring a claim pursuant to .

---

[2] In her opposition, the plaintiff appears to ask the court to allow her to reopen a complaint against the defendant filed with the Connecticut Occupational Safety and Health Administration.

. . Title VII . . . or the Connecticut Fair Employment Practices Act . . . must exhaust administrative remedies through the EEOC or CHRO." Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 57 (2d Cir. 2018)(citing Sullivan v. Bd. of Police Comm'rs of City of Waterbury, 196 Conn. 208, 215-16 (1985)). "[F]ailure to file a timely complaint with the CHRO and to obtain a release from the CHRO deprives the court of subject matter jurisdiction over the count with respect to which the plaintiff has failed to exhaust." Anderson v. Derby Bd. of Educ., 718 F. Supp. 2d 258, 272 (D. Conn. 2010) (quoting Okun v. Misiewicz, No. CV9867084S, 2001 WL 985060, *5 (Conn. Super. Ct. July 31, 2001))). The plaintiff does not suggest that she obtained a release from the CHRO.

To the extent the plaintiff seeks to bring a claim under Article I, Section 11 of the Connecticut Constitution, she fails to state such a claim. Article I, Section 11 of the Connecticut Constitution provides that "[t]he property of no person shall be taken for public use, without just compensation therefor.'" Conn. Const. Art. 1, § 11. "To state a claim under . . . the Takings Clause [of the United States Constitution], plaintiffs [are] required to allege facts showing that state action deprived them of a protected property interest." Story v. Green, 978 F.2d 60, 62 (2d Cir. 1992). "The Connecticut Supreme Court

applies the same analysis to claims brought under the state constitution as it does to those brought pursuant to the federal constitution." Martin v. Town of Simsbury, No. 3:16-CV-00933 (KAD), 2019 WL 4059723, at *4 (D. Conn. Aug. 28, 2019). Therefore, to state a claim under Article I, Section 11 of the Connecticut Constitution, plaintiffs must allege facts showing that state action deprived them of a protected property interest. The plaintiff has not alleged facts that would support an inference that any deprivation of her constitutional rights under Art. 1, § 11 occurred as a result of state action.

    The Clerk shall close this case.

    It is so ordered.

    Signed this 7th day of November 2022, at Hartford, Connecticut.

                                  /s/AWT
                            Alvin W. Thompson
                      United States District Judge